UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERRY TURENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01753-JPH-DLP |
| | ) | |
| AMERICAN GLOBAL MANAGEMENT, LLC and HENRY MAYE, II | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On May 1, 2019, Jerry Turentine filed a complaint against his former employers—American Global Management, LLC and Henry Maye II—alleging that they failed to pay him for 71 hours of work and 1.5 hours of overtime. Dkt. 1. He brought a minimum wage and overtime claim under the Fair Labor Standards Act (FLSA) (Count I), a claim under Indiana's Minimum Wage Statute (Count II), and a claim under Indiana's Wage Payment Statute (Count III).

Defendants have not filed a response or defended the case. On September 10, 2019, a Clerk's Entry of Default was entered against Defendants. Dkt. 9. On December 30, 2019, Mr. Turentine filed a motion for default judgment. Dkt. [10].[1] For the reasons below, that motion is **GRANTED**.

---

[1] Mr. Turentine brought the Indiana Minimum Wage Statute claim in the alternative to the FLSA claim. Dkt. 1, Count II. He has elected to pursue a default judgment on the FLSA claim. Dkt. 11.

1

**A.     Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Defendants, dkt. 9, and Mr. Turentine seeks default judgment. Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

**B.     Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Here, damages can be calculated from definite figures in Mr. Turentine's evidence, so a hearing is unnecessary. *See Villanueva v. Falcon Const. Co.*, No. 2:09-cv-107-PPS-PRC, 2010 WL 1577277,

at *1 (N.D. Ind. Apr. 14, 2010) (holding that a hearing was unnecessary when determining damages on a motion for default judgment on similar claims). While the calculation of damages under both the FLSA claim and the Indiana Wage Payment Statute claim are set forth below, Mr. Turentine can recover under only one statute.

1. **Damages under the FLSA**

For his FLSA claim, Mr. Turentine alleges that he worked 71 hours in which he was not paid the minimum wage. Dkt. 1 ¶¶ 10-11, 14. The minimum wage under the FLSA is $7.25 per hour. 29 U.S.C. 206(a)(1)(c). This entitles Mr. Turentine to **$514.75** in damages. He also alleges he worked 1.5 hours of overtime. Dkt. 1 ¶ 16. The FLSA entitles employees to overtime compensation at one and one-half times their regular hourly pay for any hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1). Mr. Turentine's regular rate of pay was $10.50 per hour. Dkt. 1 ¶ 9. Therefore, he is entitled to **$23.63** in damages on his overtime claim.

In addition, the FLSA provides liquidated damages in an amount equal to the total unpaid wages. 29 U.S.C. § 216(b). A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA. *Id.*; 29 U.S.C. § 260. Employers bear the burden of showing they acted reasonably and in good faith. *Bankston v. Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995). Defendants have not made that showing here, so Mr. Turentine is entitled to liquidated damages. *See Boyd v. Kim*, No. 1:12-cv-

01547-TWP-DML, 2016 WL 776423, at *3 (S.D. Ind. Jan. 28, 2016), report and recommendation adopted, No. 1:12-cv-1547-TWP-DML, 2016 WL 772551 (S.D. Ind. Feb. 18, 2016) (awarding FLSA liquidated damages on default judgment).

Mr. Turentine's FLSA damages for unpaid minimum wage and unpaid overtime is $538.38. The FLSA's liquidated damages provision therefore entitled him to another **$538.38** in liquidated damages. This effectively doubles his damages. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception.").

Altogether, Mr. Turentine is entitled to **$1,076.76** in damages under the FLSA.

### 2. Damages under the Indiana Wage Payment Statute

The Indiana Wage Payment Statute entitles plaintiffs to recover all wages they were owed but their employer failed to pay. Ind. Code § 22-2-5-2. Here, Mr. Turentine worked 71 hours at a rate of $10.50 per hour, entitling him to **$745.50** in unpaid wages. Dkt. 1 ¶¶ 9-11, 15. He also worked 1.5 hours of overtime, entitling him to an additional **$23.63**. *Id.* ¶ 16.

In addition to unpaid wages, plaintiffs are also entitled to two times the amount of wages due as liquidated damages if the employer did not act in good faith. Ind. Code § 22-2-5-2. These damages are "mandatory." *Valadez v. R.T. Enterprises, Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995). Since Defendants have admitted that they did not have a good faith basis for failing to pay Mr. Turentine, dkt. 1 ¶ 17, he is entitled to another **$1,538.26** in damages, *see Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2

4

(S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment). This effectively triples his damages. *See Stampco Constr. Co., Inc. v. Guffey*, 572 N.E.2d 510, 514 (Ind. Ct. App. 1991).

Altogether, Mr. Turentine is entitled to **$2,307.39** in damages for his claim under the Indiana Wage Payment Statute.

### 3. Attorney's fees and costs

Both the FLSA and Wage Payment Statute provide that a plaintiff may recover attorney's fees and costs. 29 U.S.C. § 216(b); Ind. Code § 22-2-5-2. Mr. Turentine's attorney has filed an affidavit verifying the hours he worked on this case along with copies of his billing invoices. Dkt. 10-1; dkt. 10-2. In total, attorney Ron Weldy spent 9.6 hours working on this case at a rate of $400 an hour. Dkt. 10-2. Mr. Weldy has designated evidence that this rate is reasonable. Dkt. 10-3; dkt. 10-4. The Court finds this rate reasonable, entitling Mr. Turentine to **$3,840** in attorney fees; *see Cervantes v. Midwest Envtl. LLC*, No. 18-cv-600-PP, 2019 WL 1923674, at *2 (E.D. Wis. Apr. 30, 2019) (holding that a declaration verifying attorney fees and costs sufficient established those amounts for a default judgment). Mr. Turentine is also entitled to his costs, which are an additional **$375.55**. Dkt. 10-2; *see* Ind. Code § 22-2-5-2; 29 U.S.C. § 216(b).

### 4. Interest

Mr. Turentine is also entitled to pre-judgment interest on his Indiana Wage Payment Statute claim. *DeGood Dimensional Concepts, Inc. v. Wilder*,

5

135 N.E.3d 625, 637 (Ind. Ct. App. 2019) (affirming award of pre-judgment interest under the Indiana Wage Payment Statute).[2] The statutory interest rate is 8% per year, Ind. Code § 24-4.6-1-102, which does not compound absent an underlying agreement of the parties, *Firstmark Std. Life Ins. v. Goss*, 699 N.E.2d 689, 693 (Ind. Ct. App. 1998). Mr. Turentine is also entitled to post-judgment interest at a rate of 8% per year. Ind. Code § 24-4.6-1-101; Ind. Code § 24-4.6-1-102 (setting post-judgment interest rate at 8%); *Johnson v. Hix Wrecker Serv., Inc.*, 112 N.E.3d 1132, 1136 (Ind. Ct. App. 2018) (affirming trial court's granting of post-judgment interest on claim under the Wage Payment Statute); *see also Caldwell v. Black*, 727 N.E.2d 1097, 1100 (Ind. Ct. App. 2000) (noting that "post-judgment interest is statutorily mandated for money judgments").

   5.   **No double recovery**

Mr. Turentine seeks to recover under both the FLSA and Indiana Wage Payment Statute for the hours he worked but was not paid. Dkt. 10-5. Allowing this recovery would conflict with the general rule that a "plaintiff may not win a double recovery for the same injury, even if multiple theories support [the] damages award." *Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017). Therefore, Mr. Turentine cannot recover damages under both the FLSA and Indiana Wage Payment Statute for the same injury. *Villanueva*, 2010 WL

---

[2] The FLSA does not allow plaintiffs to recover prejudgment interest if they are entitled to liquidated damages. *Uphoff*, 176 F.3d at 405.

1577277, at *5 (prohibiting the plaintiff from recovering under both the FLSA and Wage Payment Statute on default judgment).

## Conclusion

For the reasons stated above, Mr. Turentine's motion for default judgment is **GRANTED**. Dkt. [10]. For his claim under the Indiana Wage Payment Statute, Mr. Turentine is entitled to damages, liquidated damages, attorney's fees, costs, prejudgment interest, and post-judgment interest against American Global Management, LLC. Dkt. 1 ¶¶ 39-44; dkt. 11 at 5-6. For his FLSA claim, he is entitled to damages, liquidated damages, attorney's fees, costs, and post-judgment interest against both Defendants. Dkt. 1 ¶¶ 20-32. He is not entitled to recover under both the FLSA and the Indiana Wage Payment Statute. *Villanueva*, 2010 WL 1577277 at *5.

Mr. Turentine shall notify the Court by **February 24, 2020**, whether he elects to pursue a judgment under the FLSA against both Defendants or a judgment under the Indiana Wage Payment Statute against American Global Management, LLC, that dismisses Mr. Maye.

**SO ORDERED.**

Date: 2/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com

7